UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TRUSTEES of the LOCAL 813 PENSION TRUST FUND,

          Plaintiffs,

v.

RC ENVIRONMENTAL, LLC,

          Defendant.

No.: _____

---

## COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the Local 813 Pension Trust Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendant RC Environmental, LLC ("RC"), and allege as follows:

**I.  INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), to recover $7,500,434.40 in withdrawal liability owed to the Fund.

2. City Carting of Westchester, Inc. ("City Carting") was a contributing employer to the Fund. Its sole source of revenue was a multimillion-dollar contract to run the County of Westchester's (the "County") waste and recycling operations.

3. On February 28, 2023, City Carting permanently ceased all covered operations, thereby effecting a complete withdrawal from the Fund.

4. Effective March 1, 2023, RC purchased substantially all of City Carting's assets, hired substantially all its employees, assumed City Carting's obligation to contribute to the Fund, and entered into a contract with the County to continue performing the same waste and recycling operations using the same equipment and personnel as City Carting had before.

5. On March 3, 2023, the Trustees of the Fund assessed City Carting with $7,500,434.40 in withdrawal liability, payable immediately. To date, no party has requested a review nor commenced arbitration with respect to the Fund's withdrawal liability assessment, the deadlines for which have since lapsed.

6. In this action, the Trustees seek to hold RC liable for the $7,500,434.40 in outstanding withdrawal liability as City Carting's successor, and to collect interest that has accrued on that outstanding amount.

## II.  JURISDICTION AND VENUE

7. This Court has personal jurisdiction over RC because, pursuant to 29 U.S.C. § 1451(d), RC resides and does business within the United States.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to 29 U.S.C. §§ 1145 and 1451.

9. Venue is proper in the Eastern District of New York because the Fund is administered in this District.

## III.  THE PARTIES

10. The Fund is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to collective bargaining agreements in accordance with 29 U.S.C. § 186(c)(5)–(6); an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(2)–(3) and 1132(d)(1); and a multi-employer plan within the meaning of 29 U.S.C. §§ 1002(37) and 1451.

11. Plaintiffs are the Trustees of the Fund and bring this action in their capacities as fiduciaries pursuant to 29 U.S.C. §§ 1002(21) and 1451(a)(1). The Fund is administered from 48-18 Van Dam Street, Suite 201, Long Island City, New York, 11101.

12. The Fund is governed by an Agreement and Declaration of Trust (the "Trust"). Pursuant to the authority delegated to them under the Trust, the Trustees have adopted, effective September 20, 2005, Withdrawal Liability Procedures to govern the assessment and collection of withdrawal liability. The Withdrawal Liability Procedures allow the Trustees to declare an employer in default of its withdrawal liability if they determine there is a substantial risk the employer will be unable to pay its withdrawal liability.

13. RC is a for-profit domestic corporation having its principal place of business at 80 Washington Street, Norwalk, CT 06854.

**IV. BACKGROUND**

14. City Carting was party to collective bargaining agreements (the "CBAs") with Local Union 813, International Brotherhood of Teamsters (the "Union").

15. The CBAs required City Carting to remit contributions to the Fund for City Carting's chauffeurs, helpers, machine operators, mechanics, welders, cleaner fuelers, pickers and sorters.

16. On February 28, 2023, City Carting fired all its employees and ceased all covered operations, thereby effecting a complete withdrawal from the Fund with the meaning of 29 U.S.C. § 1383(a).

17. On February 28, 2023, RC purchased substantially all of City Carting's assets. The purchased assets included dozens of vehicles and machines; tires, truck parts, shop tooling, and hose shop and MRF parts; and other assets integral to fulfilling City Carting's obligation to provide waste and recycling services for the County.

18. Effective March 1, 2023, RC hired substantially all of City Carting's former employees and entered into a Memorandum of Agreement agreeing to abide by the terms and conditions of City Carting's CBA with respect to those employees, including the obligation to

remit contributions to the Fund. The employees included all of City Carting's chauffeurs, helpers, machine operators, mechanics, welders, cleaner fuelers, and pickers and sorters.

19. Also on March 1, 2023, RC entered into a contract with the County to provide the same recycling and waste operations as City Carting, including to operate the County's waste and recycling facilities.

20. At the time RC hired City Carting's employees, purchased its assets, and assumed its obligations under the CBAs, RC had notice that the permanent cessation of City Carting's operations would result in City Carting owing withdrawal liability to the Fund.

21. In accordance with 29 U.S.C. § 1399(b)(1) and (c)(1), by letter dated March 3, 2023, a true and correct copy of which is attached as **Exhibit A**, the Trustees notified City Carting that it had effectuated a complete withdrawal from the Fund and that its allocated share of the unfunded vested liabilities of the Fund was $15,254,198.00, which as a result of the twenty-year cap on payments, was reduced to $7,500,434.40. In that letter, the Trustees also notified City Carting that the Trustees had exercised their authority under 29 U.S.C. § 4219(c)(5)(B) and the Fund's Withdrawal Liability Procedures to declare City Carting in default, and demanded immediate payment.

22. No party has requested a review of the assessment nor commenced arbitration pursuant to 29 U.S.C. §§ 1399 and 1401, the deadlines for which have lapsed.

23. On or about August 7, 2023, City Carting and its affiliates agreed to pay the Fund $2 million in exchange for an agreement by the Trustees not to sue them and their owners. The parties agreed that those monies would be allocated, first, toward $90,000 in attorneys' fees and costs the Fund incurred up to that point; next, toward $1,500,086.88 in liquidated damages; and

finally, toward $412,523.89 in partial satisfaction of interest that had accrued on the withdrawal liability up to that point.

24. The Fund has not received any other monies toward the outstanding withdrawal liability, the entire amount of which remains outstanding, or interest that has accrued on that withdrawal liability since June 24, 2023.

## COUNT I

### Successor Liability Owed by RC
### Pursuant to ERISA §§ 502, 4301, 29 U.S.C. §§ 1132, 1451

25. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

26. RC purchased all or substantially all assets of City Carting, hired substantially all its employees, and substantially continued its operations by performing the same type of work for the same client using the same employees pursuant to the same terms and conditions as City Carting.

27. At the time RC substantially continued City Carting's operations, RC had notice that City Carting had effected a completed withdrawal from the Fund and would owe the Fund withdrawal liability.

28. On March 3, 2023, the Trustees assessed City Carting with $7,500,434.40 in withdrawal liability. At no time did City Carting, RC, or any other party request a review or commence arbitration with respect to the assessment, the deadlines for which have lapsed, thereby making the amount of the liability incontestable.

29. Therefore, RC is City Carting's successor and is jointly and severally liable for City Carting's outstanding withdrawal liability.

30. The Trustees of the Fund demand judgment against RC for $7,500,434.40 in withdrawal liability, interest at the rate of 1.5% per month on that amount from June 24, 2023 to

5

the date a judgment is entered, their attorneys' fees and costs, and all other relief that the Court may deem just and proper.

Dated: January 11, 2024

**PROSKAUER ROSE LLP**

By: _/s/ Neil V. Shah_
 Neil V. Shah

Daniel B. Wesson
Eleven Times Square
New York, New York 10036
(212) 969-3028
nshah@proskauer.com
dwesson@proskauer.com

*Counsel for the Plaintiffs*